IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MELVIN DUKES,                                             No. C 09-03643 SBA (PR)

        Plaintiff,                                **ORDER OF DISMISSAL**

  v.

LIEUTENANT WARFIELD, et al.,

        Defendants.
                                                         /

      Plaintiff, a state prisoner, filed this pro se civil rights action under 42 U.S.C. § 1983 in the United States District Court for the Eastern District of California.[1]  On July 17, 2009, the Clerk of the Court in the Eastern District sent Plaintiff "Prisoner New Case Documents," which included an "Order re Consent or Request for Reassignment" signed by Magistrate Judge Dale A. Drozd of the Eastern District.  That Order states:

> This case was randomly assigned to Magistrate Judge Dale A. Drozd. Without the written consent of the parties presently appearing pursuant to 28 U.S.C. Sec. 636(c), a magistrate judge cannot conduct all proceedings and enter judgment in this case with direct review by the Ninth Circuit Court of Appeals, in the event an appeal is filed.  If a party declines to consent and the case is assigned to a district judge, the assigned magistrate judge shall continue to perform all duties as required by Eastern District Local Rule 72-302.
>
> Accordingly, within 30 days, the parties shall complete and return this form to the court.

(July 17, 2009 Order signed by Magistrate Judge Drozd at 1.)  Plaintiff was then given the option to choose between two boxes on the form: one labeled, "CONSENT TO JURISDICTION OF UNITED STATES MAGISTRATE JUDGE"; and the other labeled, "DECLINE OF JURISDICTION OF UNITED STATES MAGISTRATE JUDGE AND REQUEST FOR REASSIGNMENT TO UNITED STATES DISTRICT JUDGE."

      In an Order dated July 30, 2009, Magistrate Judge Drozd ordered Plaintiff's case transferred to this Court on venue grounds.

---

[1] The Court database states that "[a]fter initial screening by staff [attorney], this case [was] construed as Prisoner Civil Rights." (ECF entry on July 24, 2009.)

1          On August 12, 2009, Plaintiff returned the "Prisoner New Case Documents" sent to him by
2   the Eastern District on July 17, 2009.  On the first page, Plaintiff has handwritten a letter to the
3   Court dated "August 5, 209 [sic]," which is difficult to decipher.  He begins by stating that his "legal
4   confidential mail for court was open[ed] by staff . . . ."  (Aug. 5, 2009 Letter at 1.)  He states that he
5   has "sent a lot of petitions" to the Court.  (Id.)  He also seems to acknowledge that in his previously-
6   filed actions, he has received the Court's "Order Directing Plaintiff to Show Continued Intent to
7   Prosecute this Action."[2]  (Id.)  Finally, he claims that he has been "taken advantage in many was
8   [sic] by staff" and that he has a "disability" and a "learning problem."  (Id.)  In addition to the letter,
9   he has returned the "Order re Consent or Request for Reassignment" with his signature and printed
10  name as well as a note stating "United States Magistrate Judge conduct all further proceedings in the
11  case."  (Id. at 5.)

12         Also on August 12, 2009, the instant case was received by this Court.  The Clerk of the Court
13  then sent Plaintiff a notice that this case had been transferred to this Court.

14         On August 18, 2009, the Clerk sent Plaintiff another notice that he had neither paid the filing
15  fee nor submitted a completed application for leave to proceed in forma pauperis (IFP).  The Clerk
16  provided a copy of the prisoner's IFP application form, along with a return envelope, instructions,
17  and a notification that the case would be dismissed if Plaintiff failed to pay the fee or file the
18  completed IFP application within thirty days.  Both notices were returned as undeliverable with a
19  notation:  "Return to Sender -- Inmate Refused."

20         In an Order dated October 26, 2009, the Court directed Plaintiff to inform the Court of his
21  continued intent to prosecute this action.  The Court informed Plaintiff that if he failed to do so
22  within thirty days, this action would be dismissed without prejudice for failure to prosecute.  The
23  Order was sent to Plaintiff at his last known address, Salinas Valley State Prison, and it was not
24  returned as undeliverable.

---

[2] The Court notes that, to date, Plaintiff has never responded to the Court's Orders directing Plaintiff to show his continued intent to prosecute in any of his previously-filed actions. Therefore, those previously-filed actions have been dismissed for failure to prosecute. See Case Nos. C 09-2201 SBA (PR); C 09-2620 SBA (PR); C 09-3917 SBA (PR); C 09-3918 SBA (PR); C 09-3919 SBA (PR).

2

More than thirty days have passed, and Plaintiff has filed no response to the Court's October 26, 2009 Order. He has failed to communicate with the Court since this case has been transferred to this district. A district court may <u>sua sponte</u> dismiss an action for failure to prosecute or to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b). See <u>Link v. Wabash R.R.</u>, 370 U.S. 626, 633 (1962); <u>McKeever v. Block</u>, 932 F.2d 795, 797 (9th Cir. 1991). The court should consider five factors before dismissing an action under Rule 41(b): (1) the public interest in the expeditious resolution of the litigation: (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of actions on their merits. See <u>Malone v. United States Postal Serv.</u>, 833 F.2d 128, 130 (9th Cir. 1987).[3] The first three factors, above, weigh in favor of dismissal in light of the fact that Plaintiff has not pursued this matter since it has been transferred to this district. As mentioned above, the Court notes that Plaintiff filed a letter signed on August 5, 2009 in which he acknowledges receiving the Court's Orders directing him to show his continued intent to prosecute in his previously-filed actions; however, Plaintiff has never complied with these Orders despite the Court giving him clear direction to do so. See <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). In addition, Plaintiff has refused two notices from the Clerk and failed to respond to the Court's October 26, 2009 Order. The fourth factor also weighs in favor of dismissal because less drastic sanctions would have little impact in light of Plaintiff's apparent lack of interest in this case. Although the fifth factor appears to weigh against dismissal, dismissal is appropriate in light of the other four factors. See <u>Pagtalunan v. Galaza</u>, 291 F.3d 639, 643 (9th Cir. 2002) (finding district court did not abuse its discretion in dismissing petition with prejudice where three of the five factors weighed in favor of dismissal).

In light of the foregoing, this action is hereby DISMISSED for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

---

[3] The court should also afford the litigant prior notice of its intention to dismiss, <u>id.</u> at 133, as this Court has done.

The Clerk of the Court shall close the file and terminate any pending motions.

IT IS SO ORDERED.

DATED: 12/3/09

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

MELVIN DUKES,

        Plaintiff,

  v.

WARFIELD et al,

        Defendant.
                                     /

Case Number: CV09-03643 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 4, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Melvin Dukes D-33572
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960-1050

Dated: December 4, 2009

                                      Richard W. Wieking, Clerk
                                      By: LISA R CLARK, Deputy Clerk